GARCIA v CITY OF WARREN CIVIL SERVICE COMMISSION FOR
POLICE AND FIRE DEPARTMENTS

1. CONSTITUTIONAL LAW—EQUAL PROTECTION—TESTS.

Challenges to statutes or administrative rules based upon the
constitutional guarantee of equal protection have traditionally
been reviewed under a two-tiered approach wherein if the
legislation affects a fundamental interest or a suspect class the
state must show a compelling interest justifying the classifica-
tion, and if no fundamental interest or suspect class is involved
the state must show a rational basis between the legislation
and the classification; a third test requires the classification to
be a reasonable one, bearing a' reasonable relation to the object
of the legislation.

2. MUNICIPAL CORPORATIONS—CIVIL SERVICE RULES—POLICE AND FIRE-
MEN—SENIORITY RULES—CONSTITUTIONAL LAW—EQUAL PROTEC-
TION.

A section of a municipal police and fire civil service rule which
favors, for purposes of seniority, employees with continuous
service over employees who resigned and were subsequently
rehired does not violate equal protection of the law because the
municipality has a justifiable motive for seeking to encourage
continuous service of police and firemen (City of Warren Police
and Fire Civil Service Rules, § 27).

3. COURTS—COURT OF APPEALS—ATTORNEY GENERAL OPINIONS.

The Court of Appeals is not required to follow an opinion of the
Attorney General.

Appeal from Macomb, Walter P. Cynar, J. Sub-
mitted June 22, 1977, at Detroit. (Docket No.
31262.) Decided September 21, 1977.

Complaint by Edward R. Garcia against the City

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law §§ 506, 540.
[2] 15A Am Jur 2d, Civil Service §§ 5, 9.
[3] 7 Am Jur 2d, Attorney General § 8.

of Warren Civil Service Commission for Police and Fire Departments and its individual members for a declaration of the plaintiff's rights in regard to the defendants' promotion procedure and for an order to have additional points credited to plaintiff on a promotional examination. Donald Anderson, Robert Vickers, and the Warren Police Officers Association intervened as party defendants. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*John H. Love,* for plaintiff.

*W. Thomas Marrocco, Jr.,* Warren City Attorney, *John J. Murray,* Chief Assistant City Attorney, and *Walter A. Jakubowski, Jr.,* Assistant City Attorney, for the Warren Civil Service Commission for Police and Fire Departments and its members.

*Lippitt, Harrison, Perlove, Friedman & Zack* (by *Marc G. Whitefield),* for the Warren Police Officers Association.

*Armand D. Bove,* for Donald Anderson and Robert Vickers.

Before: D. C. RILEY, P. J., and BASHARA and P. R. Mahinske,* JJ.

D. C. RILEY, P. J. Plaintiff, Edward R. Garcia, brings the present appeal challenging the promotion procedures of the defendant commission. A short summary of the facts is necessary.

Plaintiff joined the Warren Police Department in January, 1960. He worked continuously in that department until November, 1963, at which time

---

* Circuit judge, sitting on the Court of Appeals by assignment.

he voluntarily resigned. He was rehired in January, 1965, and has served without interruption until the present time. He has achieved the rank of detective corporal.

In July, 1976, pursuant to the firemen and policemen civil service act,[1] defendant commission established a list of police officers eligible for promotion to the rank of sergeant. Following statutory procedures outlined in MCLA 38.512; MSA 5.3362, the applicants, including plaintiff, were given a written and oral test to determine their respective qualifications for the promotion.

After calculating the test score of each person taking the test, the commission added to that score additional points based upon the applicant's length of service in the department. This procedure is set forth in § 27 of the City of Warren Police and Fire Civil Service Rules, which reads in part:

*"SENIORITY FOR PROMOTIONAL PURPOSES:* Seniority for promotional purposes shall be awarded commencing with the date of hiring of an employee on a full time basis, and shall be computed at 1/2 point for each full year of service for policemen and 1 percentage point for each four months in grade for firemen. The seniority or continuous service, of employees who have resigned and who have been reinstated in accordance with Act 78, shall date from the time of reemployment."

Under § 27 plaintiff was given point credit for his term of service from 1965 to the date of the test, but received no points for his employment between 1960 and 1963. Plaintiff's final point score placed him tenth on the list for promotions.

Plaintiff subsequently brought suit in circuit

---

[1] 1935 PA 78; MCLA 38.501 *et seq.;* MSA 5.3351 *et seq.,* hereinafter referred to as Act 78.

court seeking to have § 27 declared unconstitutional as a violation of equal protection, and to thereby have an additional 1.917 points added to his total score to reflect his employment from 1960 to 1963. The extra points would, if added to plaintiff's score, elevate him to fourth place on the promotion list and entitle him to immediate promotion.

The circuit court ruled in favor of defendants, finding that § 27 reasonably distinguished between continuous and interrupted service for purposes of seniority and promotions. Plaintiff now appeals from that decision.

Challenges to statutes or administrative rules based upon the constitutional guarantee of equal protection have traditionally been reviewed under a "two-tiered approach". *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 668; 232 NW2d 636 (1975). If the interest affected by the legislation is fundamental, or the class of persons affected suspect, the reviewing court applies a "strict scrutiny" test, requiring the state to show a compelling interest justifying the classification. *Manistee Bank v McGowan, supra* at 668. If no fundamental interest or suspect class is involved, the Court reviews the legislation solely to see if there is a rational basis between the act and the classification.

In *Manistee Bank, supra,* the Michigan Supreme Court, per Justice LEVIN, set forth a third test, applicable in place of the "rational basis" analysis:

"The classification must be a reasonable one, and it must bear a reasonable relation to the object of the legislation." *Manistee Bank v McGowan, supra* at 671.

In the present case no fundamental interest or

suspect class is involved, so there is no need to show that a compelling state interest requires the distinction between continuous and interrupted service. Using either the traditional "rational basis" test or the *Manistee Bank* "reasonable relation to the object" test, we find that § 27 does not violate equal protection.

The object of Act 78, and of its implementation in § 27, is stated in its title:

"AN ACT to establish and provide a board of civil service commissioners in cities, villages and municipalities having full paid members in the fire and/or police departments; *to provide a civil service system based upon examination and investigation as to merit, efficiency and fitness for appointment, employment and promotion* of all officers and men appointed in said fire and police departments and respective cities, villages and municipalities; to regulate the transfer, reinstatement, suspension and discharge of said officers, firemen and policemen; and to repeal all acts and parts of acts inconsistent therewith." (Emphasis added.)

The question before this Court is whether the favoring of continuous employment over interrupted employment is reasonable in relation to this object.

Plaintiff argues that the distinction is unreasonable in that the public benefit of a promotional system based in part on experience is in fact lessened when credit is denied for interrupted service. This argument is premised on the fact that any experience gained during the time prior to the interruption of employment is ignored, as is the duration and reason for the interruption. The end result may then be the promotion of less-experienced candidates for jobs of significant public responsibility.

However tempting this argument appears, it

must fail for a number of reasons. First, the commission has a justifiable motive for seeking to encourage continuous service of police and firemen. The orderly and efficient operation of these public services depends upon the cooperative efforts of the individual members. It is not unreasonable for the commission to seek maximum efficiency through consistency and continuity in the work force.

Second, the granting of promotions is not the only area in which continuous service is favored over interrupted employment. MCLA 38.510(c); MSA 5.3360(c) states that if a person seeks to be rehired by the police or fire department following at least 10 years of employment and a voluntary resignation, the person can only be reinstated at the lowest rank of the department. This loss of rank clearly encourages continuous rather than interrupted employment. Additionally, as the trial court pointed out, a voluntary resignation in the department has customarily been treated as a waiver of seniority rights for the purposes of shift privileges, pension benefits, and other rights. It cannot be said that the encouragement of continuous employment for the purposes of promotions is thus an arbitrary classification.

We are aware that the Attorney General, in a similar case, has rendered an opinion that a distinction between continuous and interrupted employment violates equal protection.[2] This Court is not required to follow the opinion. *David Walcott Kendall Memorial School v Grand Rapids,* 11 Mich App 231; 160 NW2d 778 (1968). In addition, the opinion itself states that the distinction may have a rational basis "in view of changing techniques".

[2] OAG, 1976, No 5101 (August 23, 1976).

Opinion No 5101, at 4. We find such a rational basis in the present case.

Affirmed. No costs, a public question being involved.