PEOPLE v HARDMAN

Docket No. 44053. Submitted January 2, 1980, at Grand Rapids.— Decided January 23, 1980.

Fonzo J. Hardman pled no contest to two counts of second-degree murder, Calhoun Circuit Court, Paul Nicolich, J. Pursuant to a plea agreement defendant was sentenced to a term of imprisonment of from 15 to 25 years. Defendant appeals, alleging that he offered his pleas on the basis of erroneous advice regarding the effective date of a referendum banning "good time" for certain offenses, including second-degree murder. *Held:*

The record indicates that at the time of the pleas the defendant knew that the effective date of the referendum was uncertain, that he took a calculated risk in offering his pleas when he did, and that his choice was knowingly, intelligently and voluntarily made.

Affirmed.

CRIMINAL LAW — PLEA OF NO CONTEST.

A defendant who knowingly, intelligently and voluntarily pled no contest to charges against him and who did so at the time he did to be sure that he would be eligible for early release from prison took a calculated risk and may not now claim that his pleas were based upon erroneous advice regarding the effective date of a referendum affecting his minimum time.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Norlander,* Prosecuting Attorney, and *Franklin K. Line,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 497-502.

Construction and application of Rule 11(c) of Federal Rules of Criminal Procedure, as amended in 1975, requiring court to give certain advice to defendant before accepting plea of guilty or nolo contendere. 41 ALR Fed 874.

Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

*Ronald J. Bretz,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. F. WALSH, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

PER CURIAM. Defendant pled no contest to two charges of second-degree murder, MCL 750.317; MSA 28.549. The reason for the no contest pleas was two-fold. One, there was a civil case pending in Calhoun County Probate Court that a guilty plea would affect, and two, the defendant did not remember the incident of the actual shootings. The record of the preliminary examination which was offered at the plea taking established sufficient facts to find the defendant guilty of the charges. The record also indicates that defendant was found competent to stand trial and that he was not insane at the time of the shootings.

There was a plea agreement in this case and it was agreed that the prosecutor would recommend that defendant's sentence not exceed 15 to 25 years. The trial judge sentenced defendant to the agreed-upon term of years in the state prison.

Defendant, by affidavit, now claims that he offered his pleas of no contest because of erroneous advice. Two weeks before the taking of defendant's pleas a referendum known as "Proposal B" was approved. Proposal B, enacted into law as MCL 791.233b; MSA 28.2303(3), was designed to ban "good time" and to restrict parole for persons serving sentences for specified crimes, including second-degree murder. Defendant seeks a remand to enable him to develop a record showing that his pleas were based solely on erroneous advice related to the effective date of Proposal B.

The record, affidavits and newspaper article presented to us by defendant on appeal do not show

that defendant was given erroneous advice. To the contrary, all of the materials filed by defendant show that defendant knew that the effective date of Proposal B was uncertain. The record before us indicates that the defendant knew exactly what he was doing. He took a calculated risk. If the act applied to defendant he would have to serve the full 15 years. If he pled before the act affected him he could be released in eight years and nine months. And, if he went to trial and was acquitted he would be free at that time. Defendant deliberately chose to plead no contest at the time he did to be sure that he would be eligible for early release. His choice was knowingly, intelligently and voluntarily made.

Affirmed.