## PEOPLE v KILDOW

Docket No. 47588. Submitted May 8, 1980, at Lansing.—Decided August 13, 1980.

Jay H. Kildow was convicted, on his plea of guilty, of burning of insured property in Oakland Circuit Court, Gene Schnelz, J. At the time of plea taking there was no factual recitation from the defendant regarding whether the automobile which was set on fire was insured for loss against fire or that the defendant shared or was aware of the intent of the owner of the vehicle to injure and defraud the insurer. Defendant appeals. *Held:*

1. A conviction on a defendant's guilty plea will be remanded where no factual recitation was heard from the defendant relative to the elements of the offense, since a sufficient factual basis could not be established.

2. Generally, a rule of procedure is not to be given retroactive application in Michigan.

3. The Michigan statute prohibiting "good time" reduction from a minimum sentence applies only to criminal offenses that were committed after the effective date of the statute. The defendant is entitled to "good time" reduction from his minimum sentence if it is required following remand.

4. The plea bargain struck between the defendant and the prosecutor was valid, with actual benefit to the defendant since the prosecutor offered to forbear from filing a supplemental habitual offender information and the offer was made promptly and was a functional equivalent of prompt filing of charges in a situation where no plea bargain was offered, sought, or accepted.

Remanded with instructions.

1. CRIMINAL LAW — GUILTY PLEAS — FACTUAL RECITATION.

A conviction on a defendant's guilty plea will be remanded where no factual recitation was heard from the defendant relative to

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 492, 494.1.
[2, 3] 16A Am Jur 2d, Constitutional Law § 634 *et seq.*
   20 Am Jur 2d, Courts § 85.
[3] 73 Am Jur 2d, Statutes § 347 *et seq.*

the elements of the offense, since a sufficient factual basis could not be established.

2. CRIMINAL LAW — PROCEDURAL RULES — RETROACTIVITY.

Generally, a rule of procedure is not to be given retroactive application in Michigan.

3. CRIMINAL LAW — GOOD TIME — SENTENCES — STATUTES.

The Michigan statute prohibiting "good time" reduction from a minimum sentence applies only to criminal offenses that were committed after the effective date of the statute (MCL 791.233b; MSA 28.2303[3]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lawrence J. Bunting,* Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel, Wolfram, McDonald & Zipser* (by *Harriet B. Rotter*), for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and T. GILLESPIE,* JJ.

PER CURIAM. Defendant pled guilty to burning of insured property, MCL 750.75; MSA 28.270, and was sentenced to three to ten years imprisonment, with credit for 114 days served prior to sentencing. Defendant appeals as of right.

On appeal, defendant first claims that an insufficient factual basis was established to support his plea. Specifically, defendant argues that there is nothing in the record to establish that the automobile which was set on fire was insured for loss against fire, or that defendant shared or was aware of the intent of the owner of the vehicle to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

injure and defraud the insurer, which the statute under which defendant was charged enumerates as elements of the offense.

We conclude that no factual recitation was heard from defendant relative to these elements. Thus, a sufficient factual basis was not established. Consequently, we follow the well-established rule that a remand is required. As stated by the Court in *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), the correct procedure on remand is as follows:

"On remand the prosecutor shall be given an opportunity to establish the missing element. If he is able to do so and there is no contrary evidence, the judgment of conviction shall be affirmed. If the prosecutor is unable to establish the missing element, the judgment shall be set aside. If contrary evidence is produced, the matter shall be treated as a motion to withdraw the guilty plea and the court shall decide the matter in the exercise of its discretion." *Id.,* 129.

In spite of our disposition of this issue, we address defendant's remaining contentions in order to determine whether error is present therein.

Defendant next argues that the trial court erred in announcing that defendant was not entitled to "good time" reduction from his minimum sentence. Defendant argues that MCL 791.233b; MSA 28.2303(3), added pursuant to initiative petition, proposal B, ratified at the general election of November 7, 1978, (which initiated measure is permissible under Const 1963, art 2, § 9), was intended to apply only to criminal offenses which were committed after the effective date of the legislation, *viz.,* December 10, 1978. In support of his argument, defendant cites OAG, 1979, No. 5583 (October 16, 1979).

In that opinion, the Attorney General concluded that the initiated law applies only to persons who committed the offenses enumerated in the statute after the effective date thereof, *viz.,* on or after 12:01 a.m., December 10, 1978. While attorney general opinions are not binding authority, *Garcia v City of Warren Civil Service Comm for Police and Fire Dep'ts,* 78 Mich App 603, 608; 261 NW2d 19 (1977), we are in agreement with the conclusion contained in the opinion cited to us by defendant. Any other rule of application would produce inconsistent and unfair results, for example, as to two defendants identically situated with respect to the date on which they committed an offense but who were tried one before and one after December 10, 1978. To avoid such happenstance, a clear line of demarcation such as defined in OAG, 1979, No. 5583 offers the best method of uniform application. Thus, we conclude that defendant is entitled to "good time" reduction from his minimum sentence, if it is required following remand.

Alternatively, since the judgment of sentence contains no proviso eliminating "good time" reduction from defendant's minimum sentence, we conclude that defendant's sentence was not so circumscribed.

Finally, defendant argues that the plea bargain struck with the prosecutor was illusory, as habitual offender charges were not filed simultaneously with the information charging defendant with the substantive offense in the case at bar. Thus, defendant concludes, there was no valid habitual offender charge from which the prosecutor could forbear from prosecuting, and the bargain was of no actual benefit to defendant. In so arguing, defendant urges a retroactive application of *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), to the case at bar.

We do not find *Fountain* applicable to this case. This panel has concluded, in a separate opinion, that *Fountain* should not be given any retroactive effect. *People v Wilson,* 99 Mich App 348; 296 NW2d 110 (1980). We believe that *Fountain* in effect amounts to a change in a procedural rule. The weight of Michigan authority is against any retroactive application of a rule of procedure. As stated by our Supreme Court in language appropriate to the case at bar, "However, if trial courts are to be effectively guided by our appellate pronouncements, a rational dependence on our decisions currently in effect must be encouraged". *People v Rich,* 397 Mich 399, 405; 245 NW2d 24 (1976). In the face of such language, the argument for retroactivity is considerably weakened. Therefore, we must look to the law as in effect on the date defendant's plea was accepted, June 29, 1979, as that date established the time the plea agreement was consummated.

Under the law then in force, the prosecutor was required to file any habitual offender charges "promptly", *viz.,* before conviction, as he was possessed of reliable information relative thereto before defendant's plea was tendered in this case. *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976).

Since the essence of the plea bargain in the instant case was forbearance from filing a supplemental habitual offender information, and since such offer to forbear was made "promptly" or timely under *Hendrick, supra,* we conclude that the bargain struck between defendant and the prosecutor was a valid one, with actual benefit to defendant. The prompt offer to forbear was the functional equivalent of prompt filing of charges in a situation where no plea bargain was offered, sought, or accepted.

The cause is remanded to the court below for further proceedings consistent with this opinion.