LINE v STATE OF MICHIGAN

Docket No. 107743. Submitted October 5, 1988, at Marquette. Decided
December 19, 1988. Leave to appeal applied for.

Dale Line and several other convicted felons incarcerated in
Michigan prisons brought an action in the Chippewa Circuit
Court against the State of Michigan. Plaintiffs sought a declara-
tion that MCL 791.233b; MSA 28.2303(3) (Proposal B), which
provides that a person convicted and sentenced for certain
specified crimes is not eligible for parole until the minimum
sentence has been served, is invalid because some of the voter
signatures on the petition that led to the placement of Proposal
B on the ballot were affixed to the petition more than 180 days
before the petition was filed with the Secretary of State, thus
giving rise to the rebuttable presumption contained in MCL
168.472a; MSA 6.1472(1) that signatures more than 180 days
old are stale and void. The trial court, Nicholas J. Lambros, J.,
granted summary disposition in favor of defendant, ruling that
plaintiffs had failed to state a claim on which relief can be
granted. Plaintiffs appealed.

The Court of Appeals *held:*

Prior to the Supreme Court's decision upholding the constitu-
tionality of MCL 168.472a; MSA 6.1472(1) in *Consumers Power
v Attorney General,* 426 Mich 1 (1986), it had been the opinion
of the Attorney General, OAG, 1973-1974, No. 4813, pp 171-174
(August 13, 1974), that MCL 168.472a; MSA 6.1472(1) was
unconstitutional and unenforceable. The pertinent question in
this case concerns whether the *Consumers Power* decision
should be given retroactive effect so as to apply to the voter
signatures collected in conjunction with Proposal B. Upon con-
sidering (1) the purpose of the new rule enunciated in *Consum-
ers Power,* (2) the general reliance upon the old rule as con-
tained in the Attorney General's opinion, and (3) the effect of
full retroactive application of the new rule on the administra-

REFERENCES

Am Jur 2d, Statutes §§ 347 *et seq.*

See the Index to Annotations under Retrospective Operations and
Law; Statutes.

tion of justice, it is decided that the *Consumers Power* decision must be given prospective application only.

Affirmed.

1. APPEAL — NEW RULES OF LAW — RETROACTIVITY — PROSPECTIVITY.

The following considerations are pertinent to the determination of whether a new rule should be given retroactive or prospective application: (1) the purpose of the new rule; (2) the general reliance upon the old rule; and (3) the effect of full retroactive application of the new rule on the administration of justice.

2. APPEAL — NEW RULES OF LAW — PROSPECTIVITY.

Prospective application is preferred over full or limited retroactive application when overruling an established precedent or when deciding an issue of first impression whose resolution was not clearly foreshadowed.

3. ELECTIONS — PROPOSALS — PETITION SIGNATURES.

The Supreme Court's decision in *Consumers Power Co v Attorney General*, 426 Mich 1 (1986), which overruled an opinion of the Attorney General that determined unconstitutional the statute which provides that a signature on a petition proposing an amendment to the constitution or initiating legislation, if affixed more than 180 days before the petition is filed with the office of the Secretary of State, shall be presumed stale and void, is to be applied prospectively from August 26, 1986 (MCL 168.472a; MSA 6.1472[1]; OAG, 1973-1974, No 4813, pp 171-174 [August 13, 1974]).

*Lyle Andrew Peck,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gary P. Gordon* and *Richard P. Gartner,* Assistant Attorneys General, for defendant.

Before: GRIBBS, P.J., and CYNAR and J. T. KALLMAN,* JJ.

GRIBBS, P.J. Plaintiffs, convicted felons who are currently serving time in Michigan prisons, filed a complaint for declaratory judgment in Chippewa Circuit Court on July 2, 1987. Plaintiffs sought an

---

* Circuit judge, sitting on the Court of Appeals by assignment.

order declaring MCL 791.233b; MSA 28.2303(3) (Proposal B) unconstitutional. Proposal B essentially provides that a person convicted and sentenced for certain enumerated crimes is not eligible for parole until the minimum sentence has been served. The lower court granted defendant's subsequent motion for summary disposition, MCR 2.116(C)(8), and plaintiffs now appeal as of right. We affirm.

Although plaintiffs phrase their appeal as containing four issues, the controlling issue of this case is whether our Supreme Court's holding in *Consumers Power Co v Attorney General,* 426 Mich 1; 392 NW2d 513 (1986), should be given retroactive effect. In that case, the Court considered the constitutionality of MCL 168.472a; MSA 6.1472(1), which provides:

> It shall be rebuttably presumed that the signature on a petition which proposes an amendment to the constitution or is to initiate legislation, is stale and void if it was made more than 180 days before the petition was filed with the office of the secretary of state.

The statute was enacted in 1973. The next year, however, the Attorney General opined that the statute was unconstitutional and unenforceable. OAG, 1973-1974, No 4813, pp 171-174 (August 13, 1974). Twelve years later, in *Consumers Power,* our Supreme Court affirmed a lower court decision which overruled the opinion of the Attorney General and upheld the constitutionality of the statute.

In the case before us now, plaintiffs contend that Proposal B, which was enacted in 1978, is unconstitutional because many of the signatures on the ballot petition were most likely collected more than six months before the petition was filed.

In determining whether a rule of law should be applied retroactively, the following factors are pertinent: (1) the purpose of the new rule; (2) the general reliance upon the old rule; and (3) the effect of full retroactive application of the new rule on the administration of justice. *Chevron Oil Co v Huson,* 404 US 97, 106-107; 92 S Ct 349; 30 L Ed 2d 296 (1971); *Rozier v Dep't of Public Health,* 161 Mich App 591, 599; 411 NW2d 786 (1987), lv den 430 Mich 860 (1988). See also *Griffith v Kentucky,* 479 US —; 107 S Ct 708, 713, n 8; 93 L Ed 2d 649, 657, n 8 (1987). We believe that all three factors favor prospective application of the decision in *Consumers Power.*

Moreover, prospective application is preferred over full or limited retroactive application when overruling an established precedent or when deciding an issue of first impression whose resolution was not clearly foreshadowed. *Chevron Oil,* 404 US 106; *People v Phillips,* 416 Mich 63, 68; 330 NW2d 366 (1982); *Collins v Dep't of Corrections,* 167 Mich App 263, 266; 421 NW2d 657 (1988).

The first factor to be considered concerns the purpose of the rule. The purpose of the presumption that signatures are stale and void after 180 days is to "fulfill the constitutional directive of art 12, § 2 that only the registered electors of this state may propose a constitutional amendment [or initiate legislation]." *Consumers Power, supra,* pp 7-8. The presumption is expressly intended to be rebuttable, but, in this case, the petitions for Proposal B were destroyed long ago. We believe that retrospective application of *Consumers Power,* which would require proof that the signatures for Proposal B were valid, would be impractical, probably impossible and therefore unjust.

Looking to the second factor, we believe that *Consumers Power* represents a new rule of law

that should only be applied prospectively. The Attorney General's opinion, which *Consumers Power* overruled, was clearly relied upon by the electorate for a twelve-year period. During that time, numerous ballot petitions were undoubtedly filed in good faith with signatures that had been gathered more than 180 days before.

Finally, as defendant points out, giving retroactive effect to *Consumers Power* would affect a number of ballot proposals that were filed during the interim period between the Attorney General's opinion and the *Consumers Power* decision. For example, Proposal C, which exempted food and prescription drugs from the sales tax, was ratified on November 5, 1974 (Const 1963, art 9, § 8); Proposal A, which prohibited throwaway bottles and cans, now codified in MCL 445.572; MSA 18.1206(12); and Proposal G, which provided collective bargaining rights to State Police troopers and sergeants, was ratified on November 7, 1978 (Const 1963, art 11, § 5). It is obvious that the *Consumers Power* decision was not "clearly foreshadowed." Thus, prospective application of the decision is preferred.

Moreover, in the case before us, the retrospective application of *Consumers Power* to Proposal B would require reevaluation of the parole status of thousands of incarcerated felons. Consequently, we believe that retrospective application of the *Consumers Power* decision would have a serious disruptive effect on the administration of justice.

We conclude that, considering all of the factors, the trial court properly refused to give retrospective effect to *Consumers Power* and granted defendant's motion for summary disposition.

Affirmed.