## LaFOUNTAIN v ATTORNEY GENERAL

Docket No. 138455. Submitted February 3, 1993, at Lansing. Decided June 21, 1993, at 9:30 A.M.

Wayne LaFountain and two other Michigan prisoners brought three separate actions in the Ingham Circuit Court against the Attorney General and others, challenging the constitutionality of MCL 791.233b; MSA 28.2303(3), which eliminated allowances for good time in determining eligibility for parole with regard to certain crimes. The cases were consolidated and the court, Carolyn Stell, J., granted summary disposition for the defendants, finding that the plaintiffs failed to state a claim upon which relief could be granted. LaFountain appealed.

The Court of Appeals *held:*

1. MCL 791.223b; MSA 28.2303(3) is not unconstitutional. 1978 ballot Proposal B, which created the statutory provision, was an initiative, not a referendum or an invalid "mixed petition."

2. The Attorney General, in rendering an opinion relied upon by the State Board of Canvassers, did not violate the constitutional separation of powers. The Attorney General did not impermissively venture into the legislative arena or invade the province of the courts in rendering the opinion, which was required by MCL 14.32; MSA 3.185.

3. The Supreme Court's decision in *Consumers Power Co v Attorney General,* 426 Mich 1 (1986), which overruled an opinion of the Attorney General that determined that MCL 168.472a; MSA 6.1472(1), which provides that a signature on a petition proposing an amendment to the constitution or initiating legislation, if affixed more than 180 days before the petition is filed with the office of the Secretary of State, shall be presumed stale and void, is to be applied prospectively from August 26, 1986. Therefore, the decision in *Consumers Power* does not render 1978 Proposal B and its subsequent codification as MCL 791.233b; MSA 28.2303(3) unconstitutional.

Affirmed.

Wayne LaFountain, in propria persona.

*Frank J. Kelley,* Attorney General, *Thomas L.*

*Casey,* Solicitor General, and *Gary P. Gordon* and *Richard P. Gartner,* Assistant Attorneys General, for the defendants.

Before: Fitzgerald, P.J., and Weaver and Marilyn Kelly, JJ.

Weaver, J. Three prisoners brought three separate actions challenging the constitutionality of MCL 791.233b; MSA 28.2303(3), which eliminated "allowances for good time" in determining eligibility for parole with regard to certain crimes. Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(8). Subsequently, the cases were consolidated because all the claims present identical questions of law. The court granted defendants' motion for summary disposition, finding that plaintiffs had failed to state a claim upon which relief could be granted.

Plaintiff Wayne LaFountain now appeals. We affirm.

LaFountain claims that MCL 791.233b; MSA 28.2303(3) is unconstitutional because 1978 ballot Proposal b, which created the statutory provision, was an invalid "mixed petition," part initiative and part referendum. This claim is based on a mistaken reference to the proposal as a referendum in *People v Hardman,* 95 Mich App 194; 290 NW2d 122 (1980). The context of the decision makes it clear that the use of the term "referendum" was unintentional. Subsequent decisions of this Court have consistently acknowledged Proposal b's status as an initiative. See *People v Waterman,* 137 Mich App 429; 358 NW2d 602 (1984), and *People v Kildow,* 99 Mich App 446; 298 NW2d 123 (1980).

LaFountain also asserts that the ballot proposal is invalid because the Attorney General's opinion

relied on by the State Board of Canvassers was violative of the separation of powers. We find no merit in this argument. MCL 14.32; MSA 3.185 requires the Attorney General "to give his opinion upon all questions of law submitted to him by the legislature . . . or any other state officer." Our Supreme Court has previously held that the rendering of such opinions by the Attorney General did not impermissively venture into the legislative arena, nor invade the province of the courts. *Michigan Beer & Wine Wholesalers Ass'n v Attorney General,* 142 Mich App 294; 370 NW2d 328 (1985), cert den 479 US 939 (1986).

Finally, LaFountain asserts that our Supreme Court's decision in *Consumers Power Co v Attorney General,* 426 Mich 1; 392 NW2d 513 (1986), should be given retroactive effect, which would render Proposal B and its subsequent codification as MCL 791.233b; MSA 28.2303(3) unconstitutional. As this Court has previously held, the decision in *Consumers Power* should be given only prospective effect. *Line v Michigan,* 173 Mich App 720; 434 NW2d 224 (1988).

The trial court's finding that plaintiffs failed to state a claim upon which relief could be granted was correct.

We affirm.