PEOPLE v WEST

Docket No. 91959. Submitted February 4, 1987, at Grand Rapids. Decided April 20, 1987.

Halton West was charged with possession of cocaine with intent to deliver, but, after a pretrial motion to suppress evidence obtained from him without a search warrant was denied by the Berrien Circuit Court, Ronald J. Taylor, J., defendant pled guilty to possession of less than fifty grams of cocaine. Defendant appealed, claiming error in the trial court's denial of his motion to suppress evidence.

The Court of Appeals *held:*

By unconditionally pleading guilty, defendant has waived his right to challenge on appeal the denial of his motion to suppress evidence.

Affirmed

1. CRIMINAL LAW — APPEAL — GUILTY PLEAS — WAIVER.

A defendant, by unconditionally pleading guilty, waives the right to challenge on appeal a denial of a pretrial motion to suppress evidence.

2. APPEAL — RETROACTIVITY.

Generally, full retroactivity is the rule and prospectivity is the exception for application of an announced rule of law; retroactivity may be limited, however, when a balancing of three factors so dictates: (1) the purpose of the new rule; (2) the general reliance upon the old rule; and (3) the effect of retroactive application of the new rule on the administration of justice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Brian S. Berger,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Appeal and Error §§ 271, 300, 729, 867.

Am Jur 2d, Criminal Law § 473 *et seq.*

Plea of guilty as waiver of claim of unlawful search and seizure. 20 ALR3d 724.

State Appellate Defender (by *Rolf E. Berg*), for defendant on appeal.

Before: D. F. WALSH, P.J., and J. H. GILLIS and K. B. GLASER, JR.,* JJ.

PER CURIAM. Defendant was charged with possession of cocaine with intent to deliver, second offense, MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv). Defendant filed a pretrial motion to suppress evidence obtained from him pursuant to a search conducted without a warrant. That motion was denied by the trial court, after which defendant pled guilty to possession of less than fifty grams of cocaine, MCL 333.7403(1) and (2)(a)(iv); MSA 14.15(7403)(1) and (2)(a)(iv). We affirm.

Defendant argues two issues on appeal. The first issue raises the constitutionality of the evidence against him; the second issue involves whether defendant's guilty plea waived appellate review of the trial court's decision denying defendant's motion to suppress that evidence.

The second issue is dispositive of this matter and precludes this Court from rendering a decision as to the first issue. We hold that defendant's unconditional guilty plea waived his right to appeal the denial of his motion to have evidence suppressed. *People v New*, 427 Mich 482; 398 NW2d 358 (1986).

The Michigan Supreme Court's opinion in *New* was decided subsequent to defendant's appeal to this Court. Thus, a third issue was raised at oral argument as to whether the *New* decision can be retroactively applied.

As a general rule decisions of Michigan appellate courts are to be given full retroactivity unless

* Circuit judge, sitting on the Court of Appeals by assignment.

limited retroactivity is preferred where justified by (1) the purpose of the new rule, (2) the general reliance upon the old rule, and (3) the effect of full retroactive application of the new rule on the administration of justice. *Tebo v Havlik*, 418 Mich 350, 360-361; 343 NW2d 181 (1984); *King v General Motors Corp*, 136 Mich App 301, 306; 356 NW2d 626 (1984), lv den 422 Mich 871 (1985); *People v Longwish*, 109 Mich App 15, 18-19; 310 NW2d 893 (1981), lv den 413 Mich 887 (1982).

In applying the three-step analysis to the decision in *New* it should first be recognized that the Michigan Supreme Court did not establish a new rule of law. The *New* decision was a reaffirmation and clarification of an existing rule of law first announced in *People v Alvin Johnson*, 396 Mich 424; 240 NW2d 729 (1976), which stated that a plea of guilty waives all nonjurisdictional defects in the proceedings. Appellate decisions subsequent to *Alvin Johnson, supra,* have applied the rule, holding that a claim of unlawful search and seizure is waived by a plea of guilty. *People v Blackburne*, 150 Mich App 156; 387 NW2d 850 (1986); *People v Kline*, 113 Mich App 733; 318 NW2d 510 (1982); *People v Ferrigan*, 103 Mich App 214; 302 NW2d 855 (1981); *People v Hill*, 86 Mich App 706; 273 NW2d 532 (1978); *People v Riley*, 88 Mich App 727; 279 NW2d 303 (1979).

There was no old rule of law upon which the defendant could have relied. Defendant cites *Alvin Johnson, supra,* and *People v Reid*, 420 Mich 326; 362 NW2d 655 (1984), as an established rule of law that he could appeal an evidentiary ruling following his guilty plea. Commenting upon its decision in *Alvin Johnson* the Michigan Supreme Court stated:

Hence, the statement that the defense of the

failure to suppress illegally obtained evidence and the defense of insufficient evidence at the preliminary examination are examples of claims which survive a guilty plea is obiter dictum. [*New, supra,* pp 489-490.]

Likewise, the Michigan Supreme Court commented upon its decision in *Reid:*

*Reid* did not modify the essential holding of *Alvin Johnson,* but rather provided a procedure (conditional guilty plea) in which a defendant may admit to a criminal act but challenge the state's ability to present its case against him because of an alleged illegal search and seizure. [*New, supra,* p 491.]

Finally, in considering the third factor as to whether *New* should be retroactively applied, this Court has indicated that a purpose of clarifying existing law is sufficient for the retroactive application of a rule of law. *People v Slager,* 105 Mich App 593; 307 NW2d 376 (1981); *People v Szymanski,* 102 Mich App 745; 302 NW2d 316 (1981).

We hold that *New* is to be retroactively applied and that defendant by unconditionally pleading guilty, has waived his right to appeal the denial of the motion to suppress evidence.

Affirmed.