GEBHARDT v O'ROURKE

Docket No. 126279. Submitted November 12, 1991, at Detroit. Decided August 13, 1992, at 9:35 A.M. Leave to appeal sought.

Barbara K. Gebhardt brought a malpractice action in the Genesee Circuit Court against attorney Jerome O'Rourke and the law firm of O'Rourke, Goldstein, Joseph & Kelly, P.C., relating to their representation of her at a criminal trial and sentencing. Before bringing the malpractice action, she retained other counsel, successfully moved for a new trial on the basis of, among other things, ineffective assistance of trial counsel, and was acquitted following retrial. The circuit court, Earl E. Borradaile, J., granted summary disposition for the defendants, ruling that the malpractice action was barred by the statute of limitations, MCL 600.5805(4), 600.5838; MSA 27A.5805(4), 27A.5838, because it was brought more than two years after the defendants last represented the plaintiff at her sentencing. The plaintiff appealed.

The Court of Appeals *held:*

A convicted criminal defendant, in order to bring an action for malpractice against trial counsel, first must obtain postconviction relief, and the limitation period for the malpractice action does not commence until such relief is obtained.

In this case, the period of limitation commenced on the date of the plaintiff's acquittal and had not expired when the plaintiff brought her action.

Reversed and remanded.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Michael L. Pitt*), for the plaintiff.

*Smith & Brooker, P.C.* (by *Thomas A. Connolly*), for the defendants.

Before: WEAVER, P.J., and WAHLS and TAYLOR, JJ.

WEAVER, P.J. In 1986, plaintiff retained defen-

dants to defend her against charges of criminal sexual conduct in the first degree. Following a jury trial, plaintiff was found guilty, then was sentenced on February 8, 1987. Plaintiff discharged defendants and hired a new firm to represent her. On March 24, 1987, plaintiff's new counsel filed a motion for a new trial. One argument was that a new trial should be granted because of the poor representation given by defendants. On June 13, 1988, the trial court granted plaintiff's motion for a new trial. A judgment of acquittal was entered on July 11, 1988, and became final on April 19, 1989. On May 31, 1989, plaintiff discussed the possibility of suing for legal malpractice.

On November 28, 1989, plaintiff filed a complaint against defendants, alleging legal malpractice, misrepresentation by fraud and deceit, and breach of contract by failing to provide plaintiff with skillful, competent representation. Defendants filed a motion for summary disposition based exclusively on the defense of the statute of limitations. Following a hearing, the court ruled that the suit was time-barred. Plaintiff now appeals. We reverse and remand.

An action for legal malpractice must be brought within two years of the date the attorney discontinued serving the plaintiff or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. MCL 600.5805(4), 600.5838; MSA 27A.5805(4), 27A.5838. Tort actions accrue when all the necessary elements of a cause of action have occurred and can be alleged in a proper complaint. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146; 200 NW2d 70 (1972).

The question before us, one of first impression in this state, is when a claim for legal malpractice arising out of a criminal conviction accrues. Plain-

tiff argues that her cause of action did not accrue until April 19, 1988, when the judgment of acquittal became final. We agree.

We follow the Alaska Supreme Court, *Shaw v State Dep't of Admin, PDA,* 816 P2d 1358 (Alas, 1991), in holding that a convicted criminal defendant must obtain postconviction relief before pursuing an action for legal malpractice against trial counsel. We limit this holding to situations where the defendant in the underlying criminal action has indeed pursued appellate remedies. See *Parisi v Mich Twps Ass'n,* 123 Mich App 512; 332 NW2d 587 (1983).

We adopt in support of this holding many of the reasons set forth in *Shaw, supra,* p 1361:

> The requirement of post-conviction relief promotes judicial economy because many issues litigated in the quest for post-conviction relief will be duplicated later in the legal malpractice action. This is because dispositive post-conviction relief is relevant to the issue of proximate causation. *Claudio v Heller,* 119 Misc 2d 432, 463 NYS2d 155 (Sup Ct 1983). As Shaw argues it is also relevant to the issue of damages. See *Johnson v Schmidt,* 719 SW2d 825, 826 (Mo App 1986). If the defendant was denied post-conviction relief, the legal principle of collateral estoppel would serve to eliminate any frivolous malpractice claim. See *Schlumm v Terrence J O'Hagan, PC,* 173 Mich App 345; 433 NW2d 839, 846-47 (1988) (collateral estoppel barred malpractice claim which rested upon the same issues previously decided in plaintiff's ineffective assistance of counsel case); *Weiner v Mitchell, Silberberg & Knupp,* 114 Cal App 3d 39, 170 Cal Rptr 533, 538 (1980) (valid federal conviction cannot be relitigated in malpractice action and must be accepted as the proximate cause of plaintiff's conviction); *Johnson v Schmidt,* 719 SW2d at 826; see 2 R Mallen & J Smith, *Legal Malpractice* § 21.3, at 289 (3d ed 1989); see also D Potel, *Criminal Malpractice; Threshold Barriers to Recovery Against Negligent Criminal Counsel,* 1981 Duke

LJ 542, 551-56 (1981). Thus, by prioritizing post-conviction relief judicial resources will be conserved. Moreover, requiring post-conviction relief as a prerequisite to a legal malpractice action aids in determining whether the statute of limitations bars the action. By adopting the date that post-conviction relief is obtained as the trigger to the statute of limitations, we establish a bright line test which should significantly assist courts in the resolution of statute of limitations issues.

Systemic concerns also support such an approach. Mallen and Smith note "the litigious nature in incarcerated persons who occupy the time of their incarceration by pursuing civil actions against their former attorneys." 2 R Mallen & U Smith, *supra,* at 290. Also of concern is the attorney who, in the course of defending against a malpractice action, might produce privileged or other evidence in his or her defense that might hurt a criminal defendant with a legitimate basis for post-conviction relief. Finally, we note the desirability of allowing a criminal defendant with a valid post-conviction relief claim to pursue that remedy without the distraction of also filing a legal malpractice claim.

We note that this approach parallels that of malicious prosecution actions, which accrue upon rendition of the final judgment on appeal. *Parisi, supra.* It is also consistent with the prior holding of this Court that a client in a criminal action has received effective assistance of counsel when a full and fair determination has been made in that action, and the defendant attorney in a subsequent civil malpractice action brought by that client may defensively assert collateral estoppel as a bar. *Schlumm v O'Hagan, PC,* 173 Mich App 345; 433 NW2d 839 (1988).

Our holding makes it unnecessary to discuss plaintiff's remaining issues. We reverse and re-

mand for further proceedings. We do not retain jurisdiction.

Reversed and remanded.