BUCKEYE MARKETERS, INC v FINISHING SERVICES, INC

Docket Nos. 166088, 170516. Submitted May 17, 1995, at Detroit. Decided September 26, 1995, at 9:20 A.M. Leave to appeal sought.

Buckeye Marketers, Inc., brought an action in the Washtenaw Circuit Court against Finishing Services, Inc., and Mae Alice Butcko, seeking reimbursement for the cost of investigation and remediation of contamination allegedly caused by defendants' leaking underground gasoline storage tank. Following a bench trial, the court, Patrick J. Conlin, J., entered a judgment of no cause of action and awarded costs and attorney fees to the defendants pursuant to the Michigan Environmental Protection Act, MCL 691.1203(3); MSA 14.528(203)(3). The plaintiff filed appeals from the judgment and the award of costs and attorney fees. The appeals were consolidated.

The Court of Appeals *held:*

1. The trial court's determination that the source of contamination was the plaintiff's tanks rather than the defendants' was not against the great weight of the evidence.

2. *Attorney General v Piller (After Remand),* 204 Mich App 228 (1994), in which it was held that attorney fees may not be awarded under MCL 691.1203(3); MSA 14.528(203)(3), has full retroactive effect and precludes an award of attorney fees in this case.

3. Costs may be awarded under MCL 691.1203(3); MSA 14.528(203)(3) at the discretion of the trial court.

Affirmed in part and reversed in part.

1. COSTS — ENVIRONMENTAL PROTECTION ACT — ATTORNEY FEES.

The decision in *Attorney General v Piller (After Remand),* 204 Mich App 228 (1994), that § 3(3) of the Michigan Environmental Protection Act does not authorize or permit an award of attorney fees, has full retroactive effect (MCL 691.1203[3]; MSA 14.528[203][3]).

REFERENCES

Am Jur 2d, Pollution Control § 586.

See ALR Index under Attorneys' Fees; Costs and Expenses; Environmental Law.

2. COSTS — ENVIRONMENTAL PROTECTION ACT.
    Costs may be awarded under § 3(3) of the Michigan Environmental Protection Act at the discretion of the trial court (MCL 691.1203[3]; MSA 14.528[203][3]).

*Fischer, Franklin & Ford* (by *Francis E. Bentley*), for Buckeye Marketers, Inc.

*Murphy & Nelson* (by *James B. Nelson*), for Finishing Services, Inc.

*Bassey & Selesko, P.C.* (by *Robert C. Zack* and *Drake D. Hill*), for Mae Alice Butcko.

Before: TAYLOR, P.J., and MARILYN KELLY and J. R. COOPER,* JJ.

TAYLOR, P.J. In Docket No. 166088, plaintiff appeals as of right from a judgment of no cause of action in favor of defendants. In Docket No. 170516, plaintiff appeals the trial court's order awarding costs and attorney fees to defendants under the Michigan Environmental Protection Act (MEPA), MCL 691.1203(3); MSA 14.528(203)(3). We affirm in Docket No. 166088, but reverse in part in Docket No. 170516.

Plaintiff brought suit for reimbursement of its out-of-pocket expenses and future costs for investigation and remediation of contamination allegedly caused by defendants as a result of a leaking underground gasoline storage tank on defendants' property. Following a bench trial, the court found that plaintiff had not proven its case by a preponderance of the evidence, and that plaintiff's tanks, not defendants', were the source of the free product (raw gasoline) found on plaintiff's property. On appeal, plaintiff argues that the trial court's determination is against the great weight of evidence.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

However, plaintiff has waived appellate review of this issue by failing to move for a new trial. *DeGroot v Barber,* 198 Mich App 48, 54; 497 NW2d 530 (1993); *Richmond Twp v Erbes,* 195 Mich App 210, 218; 489 NW2d 504 (1992).

In any event, we conclude that failure to review plaintiff's claim would not result in manifest injustice because the trial court's decision was not against the great weight of the evidence. Throughout the trial there was conflicting evidence about the origin and type of free product found on plaintiff's property. Environmental experts in a wide range of fields testified for both sides concerning various aspects of the free product, as well as its place of origin. In its opinion from the bench, the trial court discussed the conflicting testimony, describing it several times as diametrically conflicting or opposed. The trial court had the opportunity to hear the witnesses and truly was uniquely qualified to assess their credibility and to weigh the validity of the various theories of the experts presented to it.

Plaintiff also argues that the trial court's determination that defendants were entitled to costs, including attorney fees, pursuant to MCL 691.1203(3); MSA 14.528(203)(3), was both factually and legally unsupported and should be reversed. Plaintiff's position is well taken with regard to attorney fees. In *Attorney General v Piller (After Remand),* 204 Mich App 228, 232; 514 NW2d 210 (1994), this Court held that there is no authority to award attorney fees pursuant to § 3(3) of the MEPA. Defendant argues that the *Piller* decision should not be applied retroactively because it overrules past precedent upon which all the parties in this case relied. We disagree.

As a general rule, decisions of Michigan appellate courts are to be given full retroactivity, unless

limited retroactivity is preferred where justified by the purpose of the new rule, the general reliance upon the old rule, and the effect of full retroactive application of the new rule on the administration of justice. *People v West,* 159 Mich App 424, 426; 407 NW2d 19 (1987). Limited retroactivity is the favored approach when overruling prior law. *Jahner v Dep't of Corrections,* 197 Mich App 111, 114; 495 NW2d 168 (1992). Furthermore, in *Line v Michigan,* 173 Mich App 720, 723; 434 NW2d 224 (1988), this Court held prospective application is preferred over full or limited retroactive application when overruling an established precedent or when deciding an issue of first impression whose resolution was not clearly foreshadowed.

The *Piller* decision clarified earlier holdings of this Court by announcing that § 3(3) of the MEPA does not provide for the award of attorney fees. *Piller, supra* at 233. The *Piller* Court neither announced a departure from clear precedent nor decided an issue of first impression the resolution of which was not clearly foreshadowed. Furthermore, we cannot conclude that full retroactive application of the *Piller* holding would have an adverse effect on the administration of justice. *West, supra.* Cf. *Collins v Dep't of Corrections,* 167 Mich App 263; 421 NW2d 657 (1988) (limited retroactivity justified where full retroactive application would affect the calculation of good-time credits for thousands of prisoners). Consequently, we hold that full retroactive application of the *Piller* decision is warranted. Accordingly, the award of attorney fees under the MEPA must be vacated.

Unlike attorney fees, the trial court appropriately awarded costs under § 3(3) of the MEPA. The decision to award costs is "within the broad and

unfettered discretion of the trial judge." *Dafter Twp v Reid,* 131 Mich App 283, 289; 345 NW2d 689 (1983). The trial court's decision to award costs will be reviewed only to see that the court recognized its discretion and exercised it. *Id.; Superior Public Rights, Inc v Dep't of Natural Resources,* 80 Mich App 72, 90; 263 NW2d 290 (1977).

In this case, plaintiff argues that its claim under the MEPA was moot once defendants removed their underground storage tank. However, the record indicates that plaintiff never moved to dismiss any of its claims. Because plaintiff never abandoned its MEPA claim, it was within the trial court's discretion to award defendants costs under § 3(3). It is clear that the trial court recognized its discretion and exercised it, and accordingly, the court did not err in awarding costs to defendants.

Affirmed in part and reversed in part.