CHOW v O'KEEFE

Docket No. 177729. Submitted April 11, 1996, at Detroit. Decided June 7, 1996, at 9:00 A.M. Leave to appeal sought.

Chi-Ming Chow brought an action in the Wayne Circuit Court against Kurt O'Keefe and Woods and O'Keefe, alleging legal malpractice with respect to the defendants' representation of the plaintiff in a criminal matter. The defendants last represented the plaintiff on June 4, 1990. The malpractice action was filed on January 18, 1994. The court, Marianne O. Battani, J., relying on *Gebhardt v O'Rourke*, 444 Mich 535, decided January 25, 1994, granted summary disposition for the defendants on the ground that the two-year statute of limitations barred the action. The plaintiff appealed.

The Court of Appeals *held*:

As a general rule, decisions of Michigan appellate courts are given full retroactivity unless limited retroactivity is preferred where justified by the purpose of the new rule, the general reliance on the old rule, and the effect of full retroactive application of the new rule on the administration of justice. None of the justifications for limited retroactivity apply to the Supreme Court decision in *Gebhardt*. Accordingly, *Gebhardt*, which concerns the limitation of actions for legal malpractice brought by those who were represented as defendants in criminal proceedings, has full retroactive application and applies to this case.

Affirmed.

LIMITATION OF ACTIONS — LEGAL MALPRACTICE — CRIMINAL DEFENDANTS.

The decision in *Gebhardt v O'Rourke*, 444 Mich 535 (1994), which concerns the limitation of actions for legal malpractice brought by those who were represented as defendants in criminal proceedings, has full retroactive application.

*Laurence R. Imerman*, for the plaintiff.

*Collins, Einhorn, Farrell & Ulanoff, P.C.* (by *Barbara H. Goldman* and *Michael J. Sullivan*), for the defendants.

Before: NEFF, P.J., and JANSEN and G. C. STEEH, III,*
JJ.

NEFF, P.J. Plaintiff appeals as of right from an order
of the circuit court granting summary disposition to
defendants pursuant to MCR 2.116(C)(7) on the basis
that the period of limitation applicable to his malprac-
tice action against the defendants had expired. We
affirm.

I

The facts of this case are not in dispute. Defend-
ants, an attorney and his law firm, represented plain-
tiff in a criminal matter. On June 4, 1990, after convic-
tion,[1] but before sentencing, plaintiff discharged
defendants and obtained new counsel. Plaintiff
sought, and was granted, a new trial on the basis of
ineffective assistance of counsel. Ultimately, plain-
tiff's conviction was overturned, not directly because
of defendants' representation, however, but because
an essential item of evidence was lost by the police.
Eventually, this Court affirmed the circuit court's
order reversing plaintiff's conviction. *Van Buren Twp
v Chow*, unpublished opinion per curiam of the Court
of Appeals, issued June 1, 1993 (Docket No. 138761).
Plaintiff instituted this cause of action on January 18,
1994.

In granting defendants' motion for summary dispo-
sition in this case, the trial court relied on a case both
parties agree is factually similar to this one, *Gebhardt
v O'Rourke*, 444 Mich 535; 510 NW2d 900 (1994).

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] Plaintiff was convicted of larceny under $100. Van Buren Township
Ordinance § 6.03.

Although plaintiff recognizes that under normal circumstances *Gebhardt* would control the outcome of this case, he argued below, and now on appeal, that the Court's opinion in *Gebhardt*, which was released after plaintiff instituted this cause of action, should not be applied retroactively because it set forth a new rule of law. The trial court disagreed and granted defendants' motion.

II

As stated, plaintiff does not argue that the trial court improperly analyzed the statute of limitations question under our Supreme Court's ruling in *Gebhardt, supra*. Accordingly, that question is not before us. The only question raised by plaintiff, and thus properly before us, is whether the Court's ruling in *Gebhardt* may be applied retroactively to this case. We conclude that it may.

As a general rule, decisions of Michigan appellate courts are given full retroactivity unless limited retroactivity is preferred where justified by (1) the purpose of the new rule, (2) the general reliance on the old rule, and (3) the effect of full retroactive application of the new rule on the administration of justice. See *Buckeye Marketers, Inc v Finishing Services, Inc*, 213 Mich App 615, 617-618; 540 NW2d 757 (1995); *People v West*, 159 Mich App 424, 425-426; 407 NW2d 19 (1987).

Here, we conclude that full retroactive application of *Gebhardt, supra*, is warranted. First, the Supreme Court's opinion in *Gebhardt* did not establish a new rule of law, see *West, supra* at 426; rather, it is readily apparent that the Court was merely enforcing an

unambiguous statute and clarifying existing case law. *Gebhardt, supra* at 541-544.

Next, although plaintiff argues that he relied to his detriment on this Court's opinion in *Gebhardt*,[2] which concededly would have provided him more time in which to file this cause of action, we conclude that the record does not support this argument. Plaintiff could have relied on that opinion as an old rule of law only had that case been published before the statutory period expired. Under the statute,[3] which the Supreme Court found to be clear, plaintiff's cause of action accrued on the last date of defendants' representation, June 4, 1990, and therefore the limitation period expired on June 4, 1992. This Court's opinion in *Gebhardt* was released in August 1992. Accordingly, plaintiff could not have relied to his detriment on that opinion because the period of limitation had already expired on his claim *before* this Court released its opinion in *Gebhardt*.

Finally, in considering whether the administration of justice would be adversely affected by full retroactive application of the Supreme Court's opinion in *Gebhardt, supra*, we note "that a purpose of clarifying existing law is sufficient for the retroactive application of a rule of law." *West, supra* at 427.

Accordingly, we hold that the Supreme Court's opinion in *Gebhardt, supra*, is to be applied retroactively and that the trial court in this case properly relied on that opinion in granting summary disposition to defendants.

Affirmed.

---

[2] 195 Mich App 506; 491 NW2d 249 (1992).

[3] MCL 600.5838; MSA 27A.5838.