SEKULOV v CITY OF WARREN

Docket No. 228159. Submitted March 13, 2002, at Detroit. Decided May 14, 2002, at 9:00 A.M. Leave to appeal sought.

Vera Sekulov, as personal representative of the estate of Rade Sekulovski, brought an action in the Macomb Circuit Court against the city of Warren and Macomb County, alleging that the defendants are liable under the highway exception to governmental immunity for the death of Sekulovski, who was struck by an automobile while he was crossing Mound Road at a designated crosswalk, because of negligent highway design and maintenance, as indicated by inadequate signage, traffic control devices, and lighting at the crosswalk. The court, Pat M. Donofrio, J., granted summary disposition for the defendants, ruling that the claim against Macomb County is barred by governmental immunity and that the city of Warren is entitled to judgment as a matter of law because there is no genuine issue of fact concerning the city's lack of jurisdiction over the crosswalk and highway in question. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court erred in granting summary disposition for Macomb County. *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143 (2000)—which held that the duty of the state and county road commissions to repair and maintain highways, and their liability for a breach of that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, crosswalks, or any other installation outside the improved portion of the highway designed for vehicular travel—and *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492 (2002)—which held that an allegation of defective highway design does not state a claim under the highway exception to governmental immunity—have prospective application only and do not control this case, which involves a cause of action that predates the Supreme Court decisions. *Nawrocki* and *Hanson* must be given prospective application because they overruled clear and uncontradicted case law that had allowed highway liability for, among other things, inadequate traffic control devices at areas of special danger and defective design.

2. The trial court properly granted summary disposition for the city of Warren in the absence of any evidence contradicting sole jurisdiction by Macomb County over the crosswalk and highway in question.

Affirmed in part, reversed in part, and remanded.

TALBOT, J., concurring in part and dissenting in part, stated that the trial court's grant of summary disposition for both defendants should be affirmed. *Nawrocki* and *Hanson* retroactively apply to this case because they merely clarified existing case law and did not overrule clear and uncontradicted case law in holding that the highway exception to governmental immunity does not permit recovery for claims based on inadequate signage, traffic control devices, or lighting or claims based on defective design.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION.

*Nawrocki v Macomb Co Rd Comm*, 463 Mich 143 (2000), which overruled case law that had allowed highway liability for inadequate signage or traffic control devices at areas of special danger, and *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492 (2002), which overruled case law that had allowed highway liability for defective design, are to be given prospective application only.

*Fieger, Fieger & Schwartz, P.C.* (by *Geoffrey N. Fieger, Ven R. Johnson*, and *Tammy J. Reiss*), for Vera Sekulov.

*Rutledge, Manion, Rabaut, Terry & Thomas, P.C.* (by *Anthony J. Calati*), for city of Warren.

*York, Dolan & Ciaramitaro, P.C.* (by *Timothy D. Tomlinson* and *John A. Dolan*), for Macomb County.

Before: NEFF, P.J., and FITZGERALD and TALBOT, JJ.

NEFF, P.J. Plaintiff Vera Sekulov appeals as of right from the trial court's orders granting summary disposition in favor of defendants city of Warren and Macomb County. We reverse in part, affirm in part, and remand for further proceedings.

I

In February 1997, plaintiff's decedent, Rade
Sekulovski, was struck and killed by an oncoming
vehicle as he crossed Mound Road in Warren on his
way to work at a Chrysler plant. Sekulovski was
crossing at a designated crosswalk, which led from an
employee parking lot on the west side of Mound
Road, across seven lanes of highway, to the plant on
the east side of Mound Road. The driver of the vehi-
cle was also a Chrysler employee and had just driven
out of the parking lot onto the highway. The cross-
walk traversed the traveled portion of the highway,
i.e., the roadbed. Plaintiff filed a negligence action
against the driver of the vehicle and defendants city
of Warren and Macomb County. Plaintiff settled her
claim against the driver. The trial court subsequently
granted summary disposition in favor of defendants.

II

Plaintiff argues that the trial court erred in granting
summary disposition in favor of Macomb County. We
agree. This case involves review of a decision on a
motion for summary disposition and also presents a
question of statutory construction, both of which are
subject to review de novo. *Hanson v Mecosta Co Rd
Comm'rs*, 465 Mich 492, 497; 638 NW2d 396 (2002).
The trial court granted summary disposition to
Macomb County under MCR 2.116(C)(7) (claim
barred by immunity granted by law). In reviewing a
motion under this subrule, the trial court must con-
sider any supporting evidence submitted by the par-
ties, including affidavits, depositions, and admissions,
to determine whether the claim is barred by immunity

granted by law. *McGoldrick v Holiday Amusements,
Inc*, 242 Mich App 286, 289-290; 618 NW2d 98 (2000).

Governmental immunity is the public policy limit-
ing imposition of tort liability on a governmental
agency. *Nawrocki v Macomb Co Rd Comm*, 463 Mich
143, 155-156; 615 NW2d 702 (2000). Immunity from
tort liability, as codified by the governmental immu-
nity act, MCL 691.1401 *et seq.*, "is expressed in the
broadest possible language—it extends immunity to
all governmental agencies for *all* tort liability when-
ever they are engaged in the exercise or discharge of
a governmental function." *Nawrocki, supra* at 156.
The five specific statutory exceptions to governmen-
tal immunity are to be narrowly construed. *Id.* at 156,
158; *Robinson v Detroit*, 462 Mich 439, 455; 613 NW2d
307 (2000).

In avoidance of governmental immunity, plaintiff
relies on the statutory highway exception, MCL
691.1402(1), which, at the time this action arose,
provided:

> Each governmental agency having jurisdiction over a
> highway shall maintain the highway in reasonable repair so
> that it is reasonably safe and convenient for public travel. A
> person sustaining bodily injury or damage to his or her
> property by reason of failure of a governmental agency to
> keep a highway under its jurisdiction in reasonable repair,
> and in condition reasonably safe and fit for travel, may
> recover the damages suffered by him or her from the gov-
> ernmental agency. . . . The duty of the state and the county
> road commissions to repair and maintain highways, and the
> liability for that duty, extends only to the improved portion
> of the highway designed for vehicular travel and does not
> include sidewalks, crosswalks, or any other installation
> outside of the improved portion of the highway designed
> for vehicular travel.

In *Nawrocki, supra* at 176, and its companion case, *Evens v Shiawassee Co Rd Comm'rs*, the Supreme Court, relying on *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), noted that the duty of the state and county road commissions "is significantly limited, extending *only* to the improved portion of the highway *designed for vehicular travel.*" (emphasis in original). The Court stated:

> The state and county road commissions' duty, under the highway exception, is only implicated upon their failure to repair or maintain the actual physical structure of the roadbed surface, paved or unpaved, designed for vehicular travel, which in turn proximately causes injury or damage. A plaintiff making a claim of inadequate signage, like a plaintiff making a claim of inadequate street lighting or vegetation obstruction, fails to plead in avoidance of governmental immunity because signs are not within the paved or unpaved portion of the roadbed designed for vehicular travel. Traffic device claims, such as inadequacy of traffic signs, simply do not involve a dangerous or defective condition in the improved portion of the highway designed for vehicular travel.
>
> Evens argues that the SCRC failed to install additional traffic signs or signals that might conceivably have made the intersection safer. Because the highway exception imposes no such duty on the state or county road commissions, we reverse the decision of the Court of Appeals and reinstate the trial court's grant of summary disposition to the SCRC. [*Nawrocki, supra* at 183-184 (citation omitted).]

Plaintiff contends that the decision in *Nawrocki* should be applied prospectively only. We agree. The general rule is that judicial decisions are to be given complete retroactive effect. *Lincoln v General Motors Corp*, 461 Mich 483, 491; 607 NW2d 73 (2000). Prospective application has generally been limited to

decisions that overrule clear and uncontradicted case
law. *Id.* By its own express terms, *Nawrocki* over-
ruled clear and uncontradicted case law, specifically
*Pick v Szymczak*, 451 Mich 607; 548 NW2d 603
(1996), so the general rule is inapplicable, and
*Nawrocki* has only prospective application. *Lincoln,
supra; Nawrocki, supra* at 180.

In this case, plaintiff alleged that Macomb County
breached its duty to design roadways, crosswalks,
and pedestrian traffic lights in a reasonably safe man-
ner. Specifically, plaintiff alleged that Macomb County
(1) failed to maintain appropriate signage, (2) failed
to maintain adequate traffic control devices, (3) failed
to make improvements to the roadway and crosswalk
despite notice of previous, similar accidents, and (4)
failed to provide adequate lighting to illuminate the
area.

*Nawrocki* overruled existing law on which plaintiff
relied in commencing, litigating, and settling her
claims in this action. *Id.* at 176-177, 180. In overruling
this precedent, *Nawrocki* thus eliminated under the
highway exception any claim premised on areas of
special danger and the installation, maintenance,
repair, or improvement of traffic control devices,
including signage. *Id.* at 176-177, 180, 183. In this con-
text, giving *Nawrocki* full retroactive effect is unjust
and unwarranted. *Pohutski v City of Allen Park*, 465
Mich 675; 641 NW2d 219 (2002).

More recently, in *Hanson, supra*, the plaintiff's
claims that a county road was poorly designed were
determined to be insufficient to avoid governmental
immunity. The Court explained: "Nowhere in the stat-
utory language is there a duty to *install*, to *construct*
or to correct what may be perceived as a dangerous

or defective '*design.*'" *Id.* at 501 (emphasis in original). Accordingly, we must also determine whether *Hanson* is to be applied prospectively only. As Justice KELLY points out in her dissent in *Hanson*, a significant body of law before *Hanson* held governmental entities liable for defective highway design. *Id.* at 505. Accordingly, following the analysis applied above, we conclude that *Hanson*, like *Nawrocki*, overruled clear and uncontradicted case law and should have prospective application only.

III

The question then becomes whether plaintiff has sufficiently pleaded a cause of action in avoidance of governmental immunity, and we hold that she has. In granting summary disposition in favor of Macomb County, the trial court ruled that the simple fact that the accident occurred in a crosswalk precluded plaintiff's cause of action. However, this notion of automatic preclusion has been rejected by this Court, even considering the strictures of *Nawrocki*. *Sebring v City of Berkley*, 247 Mich App 666, 680; 637 NW2d 552 (2001). In reaching the conclusion that a pedestrian's claim that alleges a dangerous defect in the improved portion of the highway that also happens to fall within the crosswalk is not barred by governmental immunity, Judge HOLBROOK's well-reasoned opinion provides the historical context of governmental immunity as it relates to crosswalks, and carefully explains why automatic preclusion on this ground is unwarranted. *Id.* at 676-680.

Given that plaintiff's action is not automatically barred by governmental immunity simply because the accident occurred in the crosswalk, we conclude that

the allegations of her complaint, along with the affidavits filed in opposition to defendant's motion for summary disposition, satisfy the pre-*Nawrocki* and pre-*Hanson* requirements for a valid cause of action. Plaintiff alleged design defects for which, as pointed out in Justice KELLY's *Hanson* dissent, there has long been governmental liability, and the affidavit of her expert witness establishes a claim that a point of special danger existed pursuant to *Pick, supra* at 621. Summary disposition in favor of defendant Macomb County was improperly granted.

IV

We conclude that the trial court properly granted summary disposition to defendant city of Warren under MCR 2.116(C)(10). In reviewing a motion under MCR 2.116(C)(10), a trial court considers the affidavits, pleadings, admissions, and documentary evidence filed in the action or submitted by the parties in the light most favorable to the party opposing the motion. A trial court may grant a motion for summary disposition if the affidavits and other documentary evidence show that there is no genuine issue in respect to any material fact and the moving party is entitled to judgment as a matter of law. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999).

The governmental immunity act limits liability under the highway exception to the governmental agency having jurisdiction over the highway at the time of the injury. *Sebring, supra* at 684; *Markillie v Livingston Co Bd of Co Rd Comm'rs*, 210 Mich App 16, 19; 532 NW2d 878 (1995). Only one governmental agency at a time can have jurisdiction over a

highway; there is no concurrent jurisdiction. *Sebring, supra* at 684; *Markillie, supra* at 20.

We disagree with plaintiff that the submitted evidence established a genuine issue of material fact regarding jurisdiction. On the contrary, the evidence established that Macomb County had jurisdiction over the location of the accident on Mound Road. It is undisputed that Macomb County was responsible for maintenance of the traffic signals, crosswalk signals, and pedestrian lights at the accident site and that Macomb County controlled and regulated the timing of pedestrian lights and traffic lights at the crosswalk at issue. More significantly, it was undisputed that Mound Road between Eight Mile and Nine Mile roads was a county road. MCL 224.21(2) provides that the county must keep in reasonable repair all county roads, bridges, and culverts used for public travel within its jurisdiction. The county can transfer jurisdiction to a city only by written agreement and with the consent and resolution of both parties. MCL 247.852. Because no evidence was submitted indicating that such a transfer occurred, jurisdiction rested with Macomb County. Even if Warren may have had some involvement or input with certain aspects of the roadway, because jurisdiction rested with Macomb, and because Warren cannot have concurrent jurisdiction, the trial court did not err in dismissing the case against the city of Warren.[1]

---

[1] We also reject plaintiff's claim that summary disposition was premature because discovery was not complete. Plaintiff has not demonstrated that there was a reasonable chance that further discovery would uncover factual support for her position. *Hasselbach v TG Canton, Inc,* 209 Mich App 475, 482; 531 NW2d 715 (1994).

Affirmed with respect to the city of Warren, reversed with respect to Macomb County, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

FITZGERALD, J., concurred.

TALBOT, J. (*concurring in part and dissenting in part*). I would affirm the trial court's grant of summary disposition for both defendants. I agree that summary disposition was properly granted in favor of defendant city of Warren for the reasons stated in the majority opinion. However, I would also affirm the trial court's grant of summary disposition in favor of defendant Macomb County on the basis of *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000), and *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492; 638 NW2d 396 (2002), which I believe apply retroactively and are dispositive of plaintiff's claims.

In determining whether the general rule of retroactive application applies to *Nawrocki*, it is necessary to address the threshold question whether the *Nawrocki* decision clearly established a new principle of law. *Pohutski v City of Allen Park*, 465 Mich 675, 696-697; 641 NW2d 219 (2002). Accordingly, the relevant inquiry is whether our Supreme Court overruled clear and uncontradicted case law when it overruled *Pick v Szymczak*, 451 Mich 607; 548 NW2d 603 (1996). *Lincoln v General Motors Corp*, 461 Mich 483, 491; 607 NW2d 73 (2000), citing *Michigan Educational Employees Mut Ins Co v Morris*, 460 Mich 180, 189; 596 NW2d 142 (1999). I would hold that it did not.

The *Pick* decision was neither clear nor uncontradicted. In overruling the decision, the *Nawrocki* Court

noted that *Pick* constituted a departure from the interpretative principles of *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), "that the immunity conferred on governmental agencies is broad with narrowly drawn exceptions." *Nawrocki, supra* at 149, 177-178. *Nawrocki* corrected an erroneous interpretation of MCL 691.1402(1) that was contrary not only to the established principles of *Ross*, but also to the plain language of the statute. *Nawrocki, supra* at 175, 180, 183. "[A] purpose of clarifying existing law is sufficient for the retroactive application of a rule of law." *Chow v O'Keefe*, 217 Mich App 102, 105; 550 NW2d 833 (1996). See *Lindsey v Harper Hosp*, 455 Mich 56, 68-69; 564 NW2d 861 (1997); *Bolt v City of Lansing (On Remand)*, 238 Mich App 37, 44; 604 NW2d 745 (1999).

Notably, the *Nawrocki* Court prefaced its analysis by observing that "[t]he failure to consistently follow *Ross*, specifically with regard to the interpretation and application of the highway exception, has precipitated an exhausting line of confusing and contradictory decisions." *Nawrocki, supra* at 149. The Court recognized that "these conflicting decisions have provided precedent that both parties in highway liability cases may cite as authority for their opposing positions." *Id.* at 149-150. The Court stated that "[t]his area of the law cries out for clarification," which it attempted to provide in the *Nawrocki* decision. *Id.* at 150. Clearly, *Pick* was not settled precedent. Accordingly, because *Nawrocki* does not satisfy this threshold criterion, *Nawrocki* has retroactive application.

Similarly, the Supreme Court in *Hanson* applied the plain language of subsection 1402(1) and the principles articulated in *Nawrocki* in rejecting the plaintiff's

claim that the government has a duty to correct design defects in the road. *Hanson, supra* at 503. The prior case law cited in the *Hanson* dissent contains mere dicta on this issue and therefore carries no precedential authority. *Hanson, supra* at 501, n 7. Because *Hanson* did not overrule clear and uncontradicted prior case law, retroactive application is appropriate.

On the authority of *Nawrocki* and *Hanson,* plaintiff's claim fails. Plaintiff's claim of inadequate signage, traffic control devices, or lighting fails to plead facts in avoidance of governmental immunity. *Nawrocki, supra* at 183-184. Further, plaintiff's claim that the county failed to correct design defects and make improvements to the roadway and crosswalk also is inadequate to avoid governmental immunity. *Hanson, supra* at 503-504. Our Supreme Court "emphasized in *Nawrocki* that the highway exception does not permit claims based on conditions arising from such points of hazard, and that the only permissible claims are those arising from a defect in the actual roadbed itself." *Id.* at 503, citing *Nawrocki, supra.* The highway exception to governmental immunity is inapplicable and Macomb County is entitled to summary disposition. *Hanson, supra* at 503; *Nawrocki, supra* at 182-183; MCR 2.116(C)(7) and (C)(8).