PEOPLE v LEE

Docket No. 283778. Submitted June 2, 2010, at Grand Rapids. Decided
June 17, 2010, at 9:05 a.m.

Kent A. Lee pleaded no contest in the Allegan Circuit Court to a
charge of third-degree child abuse. At sentencing, the court, Harry
A. Beach, J., left open the possibility that the prosecutor could set
the matter for an evidentiary hearing so that the prosecutor could
present testimony concerning whether defendant should be re-
quired to register as a sex offender under the Sex Offenders
Registration Act (SORA), MCL 28.721 *et seq.* More than one year
after the sentencing, but while defendant was still on probation,
the prosecutor moved to have defendant placed on the sex offender
registry. At the evidentiary hearing, defendant admitted that he
was frustrated when the child in his care refused to put his
pajamas on following a bath, and he acknowledged that he flicked
the child's penis in order to get him to cooperate. Following the
hearing, the court, William A. Baillargeon, J., ordered defendant to
register as a sex offender. Defendant appealed.

The Court of Appeals *held*:

1. The circuit court did not err by reserving the ability to
require defendant to register as a sex offender. Circuit courts have
a great deal of leeway in applying SORA, and additional proofs
may be presented if the evidence of record is insufficient to decide
the matter. Judicial fact-finding outside the avenues of trial and
admissions does not violate due process because SORA establishes
a remedial regulatory scheme that furthers a legitimate state
interest in public safety and requiring registration does not
constitute punishment.

2. Even though registration under SORA is not a punishment,
there must be an outside limit to its application. That outside limit
is at the end of the trial court's jurisdiction over the case: as long
as the circuit court has jurisdiction over the defendant's case, it
may order registration. In this case, the court had jurisdiction
because defendant was still on probation.

3. Defendant was not convicted of violating a statute that
automatically requires registration under SORA. Thus, his crime
must have fit within one of SORA's catchall provisions for regis-

tration to have been properly required. Under MCL 28.722(e)(*xi*), registration was required if defendant's crime constituted a sexual offense against an individual who was less than 18 years of age. The underlying facts of the crime govern whether an offense constitutes a sexual offense against an individual who was less than 18 years of age. In this case, defendant was originally charged with second-degree criminal sexual conduct, which involves sexual contact. The facts demonstrated that defendant intentionally touched the minor victim's intimate parts in a sexual manner for the purpose of inflicting humiliation. This constituted "sexual contact" under MCL 750.520a(q). Accordingly, the circuit court did not err by requiring defendant to register under SORA.

Affirmed.

CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT — TIME LIMIT FOR REQUIRING SEX OFFENDER REGISTRATION — JURISDICTION OVER DEFENDANTS.

A circuit court may reserve its ability to require a defendant to register as a sex offender under the Sex Offenders Registration Act; as long as the court has jurisdiction over the defendant's case, it may order registration (MCL 28.721 *et seq.*).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Frederick Anderson*, Prosecuting Attorney, and *Judy Hughes Astle*, Assistant Prosecuting Attorney, for the people.

*Cunningham Dalman, P.C.* (by *David M. Zessin*), for defendant.

Before: OWENS, P.J., and O'CONNELL and TALBOT, JJ.

PER CURIAM. In this third-degree child abuse case, MCL 750.136b, defendant Kent Allen Lee appeals by leave granted[1] the circuit court's order granting the prosecutor's motion to require defendant to register as

---

[1] Defendant originally filed a delayed application for leave to appeal with this Court on February 19, 2008. This Court denied the motion on April 18, 2008, for "lack of merit in the grounds presented." On October 21, 2009, our Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. *People v Lee*, 485 Mich 914 (2009).

a sex offender under Michigan's Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.* We affirm.

## I. FACTS

Defendant entered a plea of no contest to a charge of third-degree child abuse as a second-offense habitual offender. The circuit court accepted the no contest plea. Defendant was sentenced to five years' probation, with the first 10 weekends to be served in jail. At sentencing, the prosecutor argued on the basis of information that she had received from the victim's family that defendant should be required to register as a sex offender. The circuit court left

> open to the prosecutor to set this matter for a hearing at which time if they wish we'll listen to testimony concerning what the nature of this particular act was so the Court can have a better basis to make a decision as to whether or not this should be a sex registry offense.

More than a year after defendant's original sentencing, the prosecutor filed a motion requesting that defendant be required to register as a sex offender. After hearing testimony on the motion, the circuit court ordered defendant to register as a sex offender under SORA.

## II. ANALYSIS

Defendant argues that the circuit court erred by reserving the ability to require defendant to register as a sex offender. We disagree.

The construction and application of SORA presents a question of law that the Court reviews de novo on appeal. *People v Golba*, 273 Mich App 603, 605, 729 NW2d 916 (2007).

SORA requires an individual who is convicted of a listed offense after October 1, 1995, to be registered under its provisions. MCL 28.723(1)(a); *People v Haynes*, 281 Mich App 27, 30; 760 NW2d 283 (2008). The term "listed offense" is defined by MCL 28.722(e) to include violations of specific statutes. The definition also has two catchall provisions, MCL 28.722(e)(*xi*) and (*xiv*), that require registration:

> (*xi*) Any other violation of a law of this state or a local ordinance of a municipality that by its nature constitutes a sexual offense against an individual who is less than 18 years of age.

> \* \* \*

> (*xiv*) An offense substantially similar to an offense described in subparagraphs (*i*) to (*xiii*) under a law of the United States, any state, or any country or under tribal or military law.

The prosecution urges this Court to view registration under SORA not as a punishment or a part of the sentence, but as "a remedial regulatory scheme furthering a legitimate state interest of protecting the public[.]" *Golba*, 273 Mich App at 620. Indeed, circuit courts have been given a great deal of leeway in the application of SORA. For instance, at sentencing, the court "may consider facts concerning uncharged offenses, pending charges, and even acquittals, provided that the defendant is afforded the opportunity to challenge the information and, if challenged, it is substantiated by a preponderance of the evidence." *Id.* at 614.

In *In re Ayres*, 239 Mich App 8; 608 NW2d 132 (1999), this Court had to determine whether requiring juveniles who had been convicted of certain specified sex offenses to register as sex offenders violated Michigan's prohibition against cruel or unusual punishment. This

Court found instructive "two recent federal court decisions that have held that the registration and notification requirements of Michigan's Sex Offenders Registration Act, as applied to adult offenders, do not impose 'punishment' under the Eighth Amendment of the United States Constitution." *Id.* at 14. This Court quoted *Doe v Kelley*, 961 F Supp 1105, 1109 (WD Mich, 1997):

> "On its face, the notification scheme is purely regulatory or remedial. It imposes no requirement on the registered offender, inflicts no suffering, disability or restraint. It does nothing more than create a mechanism for easier public access to compiled information that is otherwise available to the public only through arduous research in criminal court files." [*Ayres*, 239 Mich App at 15.]

This Court also quoted the following language from *Lanni v Engler*, 994 F Supp 849, 854 (ED Mich, 1998):

> "Dissemination of information about a person's criminal involvement has always held the potential for negative repercussions for those involved. However, public notification in and of itself, has never been regarded as punishment when done in furtherance of a legitimate government interest. . . . The registration and notification requirements can be more closely analogized to quarantine notices when public health is endangered by individuals with infectious diseases. . . . Whenever notification is directed to a risk posed by individuals in the community, those individuals can expect to experience some embarrassment and isolation. Nonetheless, it is generally recognized that the state is well within its rights to issue such warnings and the negative effects are not regarded as punishment." [*Ayres*, 239 Mich App at 18 (alterations in original).]

Therefore, caselaw clearly supports the circuit court's imposition of registration under SORA in a case such as defendant's, and even allows for presentation of additional proofs if the evidence of record is insufficient

to reach a determination on the matter. *People v Althoff*, 280 Mich App 524, 542; 760 NW2d 764 (2008). Judicial fact-finding outside the avenues of trial or admissions does not violate due process because SORA is a remedial regulatory scheme that furthers a legitimate state interest in public safety and compliance with the statute is not a punishment. *Id.* at 540-542. Therefore, registration under SORA is not a part of defendant's sentence, nor is it a condition of probation; rather, it is a ministerial function designed to protect the public from sex offenders.

The issue then becomes procedural: When must the circuit court make its decision requiring registration under SORA? Current caselaw and statutes are silent on this issue. However, we conclude that as long as the circuit court has jurisdiction over defendant's case, it may order registration under SORA.

While caselaw clearly states that registration under SORA is not a condition of probation, there is ample caselaw that stands for the proposition that once a defendant has been discharged from probation, a trial court no longer has jurisdiction over that defendant. See *People v Hodges*, 231 Mich 656, 660-661; 204 NW 801 (1925); *People v Valentin*, 220 Mich App 401, 407-408; 559 NW2d 396 (1996); *People v Ritter*, 186 Mich App 701, 706; 464 NW2d 919 (1991). Even though registration under SORA is regulatory and not a punishment, there must be an outside limit to its application. The most logical limit is at the end of the trial court's jurisdiction over the case. This way defendants are not left wondering whether they may be subject to sex offender registration at any time, even years after the commission of their crimes.

Because defendant in the present case remains on probation, the circuit court did not commit procedural

error when it ordered registration under SORA more than a year after imposing its sentence.

Next, defendant argues that the circuit court's factual findings were insufficient to establish that defendant committed a "violation of a law . . . that by its nature constitutes a sexual offense against an individual who is less than 18 years of age" for purposes of MCL 28.722(e)(*xi*). We disagree.

In *Golba*, 273 Mich App at 611, this Court concluded "that the underlying factual basis for a conviction governs whether the offense 'by its nature constitutes a sexual offense against an individual who is less than 18 years of age.' " (Citation omitted.) In other words, the particular facts of a violation, and not just the elements of the violation, are to be considered. *Althoff*, 280 Mich App at 534. This determination can relate to uncharged conduct if supported by a preponderance of the evidence. *Golba*, 273 Mich App at 614.

Defendant was originally charged with second-degree criminal sexual conduct, which involves sexual contact. He later pleaded no contest to third-degree child abuse. MCL 750.520a(q) defines "sexual contact" as

the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for:

(*i*) Revenge.

(*ii*) To inflict humiliation.

(*iii*) Out of anger.

The prosecution argues that defendant's own testimony supports a finding that defendant intentionally

touched the victim's penis in order to inflict humiliation or out of anger. At the evidentiary hearing, the circuit court found that sufficient facts had been presented to require that defendant register under SORA.

At sentencing, the circuit court stated that defendant's crime was "a rather abusive assault on a young man's self-dignity and self value." *Random House Webster's College Dictionary* (1997) defines "humiliate" as "to cause (a person) a painful loss of pride, self-respect, or dignity[.]" Therefore, the circuit court had already, in essence, found that defendant inflicted humiliation upon the victim.[2] Defendant himself acknowledged that he flicked the victim's penis as a form of "bullying" and that the child cried as a result. Defendant also acknowledged that he was frustrated that the child would not put his pajamas on and that, as a result, defendant flicked his penis in order to get him to cooperate. We conclude that these facts demonstrated an intentional touching of the victim's intimate parts in a sexual manner for the purpose of inflicting humiliation. Therefore, we affirm the circuit court's order requiring defendant to register under SORA.

Affirmed.

---

[2] Different circuit court judges presided over defendant's sentencing and the subsequent evidentiary hearing.