# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL BART MILESKI,

Defendant-Appellant.

UNPUBLISHED
April 19, 2016

No. 325815
Calhoun Circuit Court
LC No. 2002-003738-FC

Before: TALBOT, C.J., and HOEKSTRA and SHAPIRO, JJ.

PER CURIAM.

In a request for relief from judgment filed pursuant to MCR 6.502, defendant sought removal of his name from the sex offender registry. The trial court denied the motion and he appeals. Because defendant has failed to establish entitlement to relief as required by MCR 6.508(D), we affirm.

This case has a lengthy procedural history and has been before this Court several times. In 2003, defendant was initially convicted of one count of first-degree criminal sexual misconduct (CSC-I), MCL 750.520b. He was sentenced to 25 to 50 years' imprisonment and was ordered to register as a sex offender pursuant to the Michigan Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. Defendant appealed his conviction and we reversed and remanded for a new trial on the ground that defendant's constitutional right to confront the witnesses against him had been violated.[1] The Michigan Supreme Court granted the prosecution's application for leave and later remanded the matter to us for reconsideration in light of the United States Supreme Court's decision in *Davis v Washington*, 547 US 815; 126 S Ct 2266; 165 L Ed 2d 224 (2006).[2] On remand, we again reversed defendant's conviction and remanded for a new trial.[3]

---

[1] *People v Mileski*, unpublished opinion per curiam of the Court of Appeals, issued November 4, 2004 (Docket No. 248038).

[2] *People v Mileski*, 477 Mich 855; 720 NW2d 752 (2006).

[3] *People v Mileski*, unpublished opinion per curiam of the Court of Appeals, issued January 4, 2007 (Docket No. 248038).

-1-

In 2007, in exchange for dismissal of the CSC-I charge and a sentencing agreement that his sentence would not exceed six years, defendant pleaded no contest to one count of assault with intent to do great bodily harm less than murder, MCL 750.84. The trial court sentenced defendant as a second habitual offender, MCL 769.10, to serve six to 15 years' imprisonment. At the sentencing hearing, the trial court orally ordered defendant to register as a sex offender under SORA; however, the requirement was not included on the judgment of sentence.

Defendant filed an application for leave to appeal, which we granted.[4] On appeal, defendant argued that his conviction for assault with intent to do great bodily harm less than murder was not a "listed offense" under SORA and so the trial court erred in requiring him to register as a sex offender.[5] Rejecting defendant's argument, we affirmed the trial court's decision to require registration.[6] Significantly, defendant did not contend, in that appeal, that the trial court had failed to comply with the procedural requirements set forth in SORA, nor did defendant argue that the trial court's failure to include the registration requirement in the written judgment of sentence rendered the oral order invalid.

On July 8, 2010, defendant's attorney sent a letter to the Michigan State Police, stating that defendant was listed on the sex offender registry as having been convicted of CSC-I and requesting that defendant's name be removed from the registry because his conviction for CSC-I had been vacated. On July 23, 2010, the trial court, apparently sua sponte, issued an amended judgment of sentence for the assault with intent to do great bodily harm less than murder conviction, which included the requirement that defendant register and comply with SORA.[7]

More than three years later, defendant filed a motion for relief from judgment under MCR 6.502, arguing that the trial court did not comply with the SORA procedures prescribed in *People v Lee*, 489 Mich 289; 803 NW2d 165 (2011). On January 13, 2015, the trial court denied defendant's motion, reasoning that the order had been entered, without dispute, before *Lee* was decided and that there was no indication that *Lee* was to be applied retroactively. It is from this order that defendant now appeals by leave granted.[8]

---

[4] *People v Mileski*, unpublished order of the Court of Appeals, entered November 20, 2007 (Docket No. 280563).

[5] *People v Mileski*, unpublished opinion of the Court of Appeals, issued November 20, 2007 (Docket No. 280563), p 1.

[6] *People v Mileski*, unpublished opinion per curiam of the Court of Appeals, issued November 20, 2007 (Docket No. 280563), pp 1-3.

[7] Because we affirmed the trial court's order requiring defendant to register as a sex offender, we view the trial court's amendment as ministerial. As such, the trial court did not impose a new requirement on defendant when it amended defendant's judgment of sentence to reflect the court's oral ruling.

[8] *People v Mileski*, unpublished order of the Court of Appeals, entered March 13, 2015 (Docket No. 325815).

"We review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). A trial court abuses its discretion when it chooses an outcome that "falls outside the range of reasonable and principled outcomes," *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008), or makes an error of law, *People v Waterstone*, 296 Mich App 121, 132, 818 NW2d 432 (2012). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993).

In *Lee*, the Supreme Court held that "if a defendant's crime falls under the catchall provision, MCL 28.722(e)(*xi*), under MCL 769.1(13), the crime is a listed offense, requiring registration under SORA." *Lee*, 489 Mich at 296. The Court went on to delineate the registration requirements as follows:

> . . . In turn, for convictions of listed offenses after October 1, 1995, MCL 28.724(5) provides the following with regard to SORA's registration procedures: (1) the defendant "shall register before sentencing," (2) "[t]he probation officer or the family division of circuit court shall give the individual the registration form after the individual is convicted" and explain the individual's duties under SORA, and (3) "[t]he court shall not impose sentence . . . until it determines that the individual's registration was forwarded to the department [of state police] as required under [MCL 28.726]." Finally, for crimes falling under the catchall provision, MCL 769.1(13) adds additional procedural requirements regarding registration under SORA, including that the court must include the determination that the crime is a listed offense under the catchall provision, for which registration was therefore required, "in the judgment of sentence." [*Id*. at 296 (brackets in original).]

Because the trial court had not complied with these procedural requirements, the *Lee* Court concluded that the defendant's judgment of sentence was arguably invalid. *Id*. at 298, 301. The prosecutor, however, had failed to bring a timely motion to correct defendant's sentence, so the judgment could not be amended to achieve compliance with the procedural requirements. *Id*. at 299. The Supreme Court therefore vacated the order requiring defendant to register under SORA. *Id*. at 301.

Defendant correctly points out that the decision in *Lee* has retroactive effect because it did not create a new rule of law or overrule a prior law. See *Chow v O'Keefe*, 217 Mich App 102, 104; 550 NW2d 833, 835 (1996) ("As a general rule, decisions of Michigan appellate courts are given full retroactivity unless limited retroactivity is preferred where justified by (1) the purpose of the new rule, (2) the general reliance on the old rule, and (3) the effect of full retroactive application of the new rule on the administration of justice.").[9] Instead, it examined the existing requirements of SORA and "merely enforce[d] an unambiguous statute . . . ." See *id*. at 104-105.

---

[9] To the extent that the trial court ruled *Lee* did not have retroactive effect, the trial court erred.

Defendant argues that in light of *Lee's* retroactivity he is entitled to relief from judgment. We disagree. He is not entitled to relief under MCR 6.508(D)(2) because that rule applies only if the relevant grounds were "decided against the defendant in a prior appeal." Although defendant's appeal raised a substantive challenge to the applicability of SORA to the crime for which he was convicted, he did not argue in that appeal that the trial court had failed to follow proper procedure. Therefore, the procedural issue later decided in *Lee* was not decided against him in his 2007 appeal. Defendant is also not entitled to relief under MCR 6.508(D)(3) because, absent good cause for having failed to do so, that rule does not apply where the issue could have been raised in a prior appeal. *Lee* did no more than require adherence to the procedure set forth in statute and no case of record foreclosed the issue prior to our Court's later-reversed decision in *Lee*, which we decided in 2010.[10] Thus, defendant has not shown good cause for failing to raise the issue in his 2007 appeal. In addition, given the statutory language later reviewed in *Lee*, it is clear that the issue could have been raised in that appeal, so MCR 6.508(D)(3) does not offer grounds for relief.

Affirmed.

/s/ Michael J. Talbot
/s/ Joel P. Hoekstra
/s/ Douglas B. Shapiro

---

[10] *People v Lee*, 288 Mich App 739; 794 NW2d 862 (2010), rev'd 489 Mich 289 (2011).